**RENTENBACH ENGINEERING COMPANY, CONSTRUCTION DIVISION, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 78–88C.**

United States Claims Court.

March 4, 1988.

Richard T. Sowell, Knoxville, Tenn., for plaintiff, Gregory M. McWhorter, of counsel.

John S. Groat, Washington, D.C., with whom was Acting Asst. Atty. Gen. James M. Spears, for defendant.

### ORDER

MOODY R. TIDWELL, III, Judge:

On February 5, 1988 plaintiff, a government contractor, filed a complaint charging

---

that defendant had unfairly denied it time extensions to which it is entitled under its contract. The contract called for plaintiff to perform as general contractor under Phase I of a General Services Administration construction contract for a new federal building in Knoxville, Tennessee. The total contract price was $12,187,000 and called for completion of construction within 540 days of receipt of notice to proceed. Phase I is completed but prior to completion plaintiff was awarded a contract for Phase II of the project which is ongoing at this time.

During early stages of construction of Phase I, plaintiff alleged that it encountered costly delays that were not its fault and for which it should be compensated under the terms of the contract. Plaintiff, on October 8, 1986, submitted a written request to the contracting officer requesting $214,440 and an increase in time for performance of forty-five days. The parties reached agreement on an equitable adjustment for plaintiff's direct costs, but not the time extension. Subsequently, on February 6, 1987, amended March 6, 1987, the contracting officer issued a final decision under the Contract Disputes Act, 41 U.S.C. § 601, *et seq.*, granting plaintiff twenty-four additional days within which to perform Phase I of the contract but denying all claims for increased costs.

Defendant has not yet filed an answer to the complaint or a dispositive motion. On February 29, 1988, twenty-four days after filing its complaint, plaintiff filed a motion to suspend proceedings until July 1, 1988, stating in the motion that its purpose in filing the complaint was to preserve its right to direct access to the court. Substantial completion of Phase II of the contract is expected in late April 1988. Plaintiff, commendably, will strive with defendant to settle all of its claims but stated in its motion that it cannot meaningfully negotiate until the contract is completed and all of the claims are known; hence, the motion to stay proceedings.

Experience has shown that the substantial completion of large public works projects and the necessary examination and auditing of the construction record can be quite lengthy. In the court's view it would be unnecessary and a waste of the court's valuable time and resources to maintain this case on its docket. Accordingly, plaintiff's motion to suspend proceedings is denied and the complaint is to be dismissed without prejudice. *See Aeron Marine Shipping Co. v. United States*, 10 Cl.Ct. 236, 252 (1986). The dismissal is without costs to either party and without prejudice to plaintiff's right, by motion, to reinstate the complaint in the future should settlement negotiations prove to no avail. If the complaint need be reinstated it shall be reinstated without payment of any additional filing fee and shall be deemed reinstated *nunc pro tunc* to the date of this Order. RUSCC 60(b)(6). This dismissal without prejudice applies only to the complaint filed in response to the contracting officer's February and March, 1987 decisions. If the contracting officer renders yet another decision addressing other claims or consolidating other claims with the old, plaintiff must act apart from this Order to protect its interests vis-a-vis the statutory time frames permitting appeal of that decision to the General Services Administration Board of Contract Appeals or this court. No costs.

The complaint is dismissed without prejudice.

IT IS SO ORDERED.