**SECURITY PACIFIC CORP. and Consolidated Subsidiaries, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

No. 575–84T.

United States Claims Court.

March 17, 1988.

Frederick A. Richman, Los Angeles, Cal., for plaintiffs.

Robert W. Metzler, Washington, D.C., with whom was Asst. Atty. Gen. William S. Rose, Jr., for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

On March 14, 1988, defendant filed its sixteenth motion for suspension of proceedings requesting an additional 60 days, within which to obtain the necessary settlement approvals. The settlement amount is significant enough to require the approval of the Deputy Assistant Attorney General for the Tax Division, the Assistant Attorney General and the Congressional Joint Committee on Taxation. The Internal Revenue Service is also involved in the process.

The court always welcomes settlement and congratulates both counsel and plaintiffs. However, experience has taught that the tax settlement approvals within and without the Department of Justice because of their complexity are usually extremely time consuming. This case has already been in suspension for 782 days and if the additional sixty days were granted the suspension period would total 842 days; two years and four months. In view of the present posture of the settlement process, it is in the court's opinion an unnecessary waste of the court's time and resources to maintain this case on its docket. Accordingly, defendant's motion to further suspend proceedings is denied and the complaint will be dismissed without prejudice. *See Aeron Marine Shipping Co. v. United States,* 10 Cl.Ct. 236, 252 (1986); *Retenbach Engineering Co. v. United States,* 14 Cl.Ct. 396 (1988). The dismissal is without costs to either party and without prejudice to plaintiffs' absolute right, by notice to the court, to reinstate the complaint should settlement fail for any reason. If the complaint is reinstated it shall be without payment of any additional filing fee and be deemed reinstated *nunc pro tunc* to the date of this Order.

Accordingly, the complaint is dismissed without prejudice. Upon receipt of the

agreed-upon refund by plaintiffs or sooner if the parties agree, the parties shall file a notice requesting the court to reopen the record for the express purpose of accepting the stipulation of dismissal and to dismiss the case with prejudice.

IT IS SO ORDERED.